# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VILLAGIO COMMUNITY ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-01799-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is movant Aaron Dean's ("Dean") motion to withdraw (ECF No. 27) and motion to adjudicate attorney's lien (ECF No. 28), filed on August 16, 2018. Dean represents defendants Steve Ayres and Janine Ayres as Trustees of the 1881 Alexander 2120 Trust (the "Trust") in the underlying action, but seeks to withdraw as counsel and adjudicate his lien. The Trust did not file an opposition to Dean's motion. Plaintiff the Federal National Mortgage Association ("Fannie Mae") filed a notice of non-opposition (ECF No. 29) on August 30, 2018.

**I.　BACKGROUND**

This action arises from a 2013 non-judicial foreclosure sale of a condominium home located at 1881 W. Alexander Road in North Las Vegas, Nevada. (Compl. (ECF No. 1).) In 2005, Virgie Vincent obtained a mortgage loan from Sahara Mortgage Corporation, secured by a deed of trust. (*Id.* at ¶ 19.) Fannie Mae allegedly acquired ownership of the loan and deed of trust. (*Id.* at ¶ 23.) Subsequently, defendant Villagio Community Association (the "HOA") recorded a lien against the property for delinquent fees. (*Id.* at 6, ¶ 10.) The HOA later sold the home at a non-judicial foreclosure sale to defendant Trust. (*Id.* at 7, ¶ 15.) Fannie Mae then commenced the underlying action for declaratory relief and to quiet title of the disputed property.

(*Id.* at ¶ 1.) Dean now moves to withdraw as attorney of record for the Trust and to adjudicate an attorney's lien for the work performed in defending the Trust and for preparing this motion. (Mot. to Withdraw and Adjudicate Lien (ECF Nos. 27, 28).)

## II.     MOTION TO WITHDRAW

Dean seeks leave of the court to withdraw as counsel for the trust, citing a breakdown in communication in the attorney-client relationship.  Further, Dean states that the Trust failed to pay outstanding invoices.  Under the Nevada Rules of Professional Conduct ("NRPC") a lawyer may withdraw if "withdrawal can be accomplished without material adverse effect on the client . . . ." Nev. R. Pro. Conduct 1.16 (b)(1).  The lawyer may also withdraw if the client fails to fulfill an obligation to lawyer.  Nev. R. Pro. Conduct 1.16 (b)(4).  The Local Rules provide that "[n]o attorney may withdraw . . . except by leave of the court after notice has been served on the affected client and opposing counsel."  LR IA 11-6(b).

Here, Dean states in his declaration that the relationship between movant and the Trust has deteriorated.  (Mot. to Withdraw and Adjudicate Lien (ECF No. 27) at 3.)  Dean also states that the Trust has not made a payment on its account since March 2018, and that as a result, he has incurred additional fees and costs.  (*Id.*)  The motion includes a certificate of service stating that a copy of this motion to withdraw and a notice of the lien was served on the Trust.   (*Id.* at 14, Ex. B.)  Given the breakdown in the attorney-client relationship and that Dean has satisfied the requirements under the NRPC and the Local Rules, the court will grant the motion to withdraw. The Trust is advised that because it is a trust, it cannot represent itself and must be represented by an attorney in this action.  *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  The Trust is further advised that failure to retain an attorney may result in the imposition of sanction under Local Rule IA 11-8.

## III.    ATTORNEY'S LIEN

Nevada recognizes two kinds of attorney's liens: (1) a "charging lien" and (2) a "retaining lien." Nev. Rev. Stat. § 18.015 (2017); *see also Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish,* 216 P.3d 779, 782 (Nev. 2009) (abrogated on other grounds by *Fredianelli v. Fine Carman Price*, 402 P.3d 1254, 1256 (Nev. 2017) ("*Argentena* and our other

cases remain good law concerning common-law retaining liens . . . .")).  A charging lien attaches to any recovery obtained by the client in a case for which the attorney provided services and for which fees are due for those services, regardless of whether the attorney was working on the case at the time of recovery.  NRS § 18.015(4)(a); *McDonald Carano Wilson v. Bourassa Law Grp.*, 362 P.3d 89, 91 (Nev. 2015).  Alternatively, a retaining lien attaches to the client's property left in the possession of the attorney.  NRS § 18.015(1)(b); *see also Fredianelli v. Fine Carman Price*, 402 P.3d 1254, 1256 (Nev. 2017).

Dean has not established that he is entitled to a charging lien.  A charging lien only applies when a client is entitled to an "affirmative monetary recovery." *McDonald*, 362 P.3d at 90.  While there is no requirement that the attorney must serve the client at the time of recovery, "there is a generalized requirement of recovery . . . ." *Id.* at 90.  Recovery must be a tangible benefit, including money, property and other proceeds.  *Leventhal v. Black & LoBello*, 305 P.3d 907, 910 (2013).  Dean represents a defendant in an action that is still pending before the court.  As such, no recovery has been made to which a charging lien may attach.  Further, the Trust is a named defendant and has not asserted a counterclaim, and thus, there is no projected affirmative recovery for the Trust.  *See id.* at 477 (where the Nevada Supreme Court held that a charging lien could not attach in a divorce proceeding when the only benefit obtained was child custody); *see also Argentena*, 216 P.3d at 781-784 (where a charging lien could not apply where all claims against the client were dismissed).  Therefore, a charging lien is inappropriate in the current action.

Unlike a charging lien, a retaining lien depends only on the possession of the client's file or other property, and "applies to a general balance for all professional services performed . . . ." § 18.015(4)(b); *Morse v. Dist. Court*, 195 P.2d 199, 202 (Nev. 1948).  Dean provided legal services to the Trust for which it has not paid him; he therefore holds a retaining lien against the files the Trust left in his possession under NRS § 18.015.  The amount of the attorney fees subject to the retaining lien must be 1) the fee agreed upon or a reasonable fee and 2) the lien must be perfected.  NRS § 18.015(2), (3), (4)(b).  The court now considers the agreed upon fee, whether the lien was perfected, and the reasonableness of the award.

### A. Agreed Upon Fee

In the absence of an agreed upon fee, "the lien is for a reasonable fee for the services which the attorney has rendered for the client." NRS 18.015(2). Here, Dean states that the Trust refused to sign an attorney-client fee agreement, but that he accepted the case at a rate of $225 an hour for his work. (Mot. to Withdraw and Adjudicate Lien (ECF No. 28) at 2-3.) Further, Dean adds that the Trust has not made a payment for services rendered since March 2018 and that he is owed a total of $1,390. (*Id.* at 3.) Based on Dean's declaration, the court finds that the agreed upon fee is a rate of $225 an hour.

### B. Perfected Lien

A lien is perfected when the attorney serves the client with notice in writing, in person or by certified mail, "claiming the lien and stating the amount of the lien." NRS 18.015(3). Here, Dean declares that the Trust was served with notice of the lien in writing, on August 14, 2018. (Mot. to Withdraw and Adjudicate Lien (ECF No. 28) at 4.) Further, a copy of the notice attached to the motion indicates that the Trust was served by certified mail with a return receipt requested. (*Id.* at Ex. B.) The court therefore finds that Dean has perfected the lien.

### C. Reasonableness of the Hourly Rate

While the agreed upon fee controls the amount of the lien, this court determines the reasonableness of the award. *See Argentena*, 216 P.3d 779, 788 n. 2 (2009) ("Even when district courts have jurisdiction to resolve fee disputes, courts must still make findings of reasonableness on awards of attorney fees under *Brunzell* . . . ."); *see also Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (1969). The Nevada Supreme Court identified four equally-weighted factors to consider when determining attorney's fees: (1) the quality of the attorney, including his training, skill and experience; (2) the character of the work to be done; (3) the work actually performed, and (4) the result attained by the attorney. *Id.*

Here, Dean has extensive experience in quiet-title actions, dating back to 2012. (Mot. to Withdraw and Adjudicate Lien (ECF No. 28) at 10.) Dean is the managing partner of his law firm and has been a member of the Nevada State Bar since 2005. (*Id.*) The motion reveals an agreed-upon hourly rate of $225 an hour for Dean's work, and $125 an hour for the services of

the paralegal. (*Id.* at 11.) Dean claims that both rates fall below local industry standards. (*Id.*) Dean argues that he has performed substantial work for the Trust, and that his work prevented the removal of the Trust from the disputed property. (*Id.*) Applying the *Brunzell* factors, the court agrees that the hourly rate is reasonable.

### D.  Reasonableness of the Award

Dean alleges that the Trust owes him an initial $1,390 for services rendered, and asserts that he is entitled to a fee for the three hours spent preparing and defending this motion. Local Rule 54-14 requires that attorneys moving for attorney's fees provide "[a] reasonable itemization and description of the work performed; [and] [a]n itemization of all costs sought to be charged as part of the fee award . . . ." LR 54-14(b)(1)&(2).

Here, Dean has provided an itemized invoice for the hours attributed to the request of $1,390. (Mot. to Withdraw and Adjudicate Lien (ECF No. 28) at Ex. B.) However, the attached invoice does not include documentation of the hours spent preparing this motion, nor does Dean include any other support for this request. As a result, the court cannot assess the reasonableness of the additional request for attorney's fees. Therefore, the court awards Dean $1,390 in attorney's fees for the services rendered.

### E.  Request for Interest

Lastly, Dean argues that his total award is subject to interest under NRS § 99.40. Given that Dean provides no support for this request, the court declines to award interest on the total amount of attorney's fees.

## IV.  ORDER AND RECOMMENDATION

IT IS THEREFORE ORDERED that Dean's motion to withdraw as counsel of record (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that Dean must serve a copy of this order on defendants Steve Ayres and Janine Ayres as Trustees of the 1881 Alexander 2120 Trust and must file proof of that service by November 7, 2018.

//

//

IT IS FURTHER ORDERED that on or before November 26, 2018 defendants Steve Ayres and Janine Ayres as Trustees of the 1881 Alexander 2120 Trust must retain a new attorney and that attorney must file a notice of appearance in this case.

IT IS THEREFORE RECOMMENDED that Dean's motion to adjudicate attorney attorney's lien (ECF No. 28) be GRANTED in part for a total amount of $1,390.

IT IS FURTHER RECOMMENDED that Dean's requests for attorney's fees in preparing this motion and for interest on the total award be DENIED without prejudice.

## V. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 30, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE